**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSE**

| | |
|---|---|
| MICHAEL WATKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO., and BARNHART CRANE AND RIGGING, LLC,<br><br>Defendants. | Case No. 2:26-cv-02602<br><br>Class Action<br><br>JURY DEMAND<br><br>District Judge Brian C. Lea<br>Chief Magistrate Judge Tu M. Pham |
| JOSE BRICENO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO., and BARNHART CRANE AND RIGGING, LLC,<br><br>Defendants. | Case No. 2:26-cv-02620<br><br>Class Action<br><br>JURY DEMAND<br><br>District Judge Brian C. Lea<br>Chief Magistrate Judge Tu M. Pham |
| MICHAEL BROOKS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO., and BARNHART CRANE AND RIGGING, LLC,<br><br>Defendants. | Case No. 2:26-cv-02621<br><br>Class Action<br><br>JURY DEMAND<br><br>Chief Judge Brian C. Lea<br>Magistrate Judge Annie T. Christoff |

| | |
|---|---|
| KENTRON SIMMONS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO., and BARNHART CRANE AND RIGGING, LLC,<br><br>Defendants. | Case No. 2:26-cv-02622<br><br>Class Action<br><br>JURY DEMAND<br><br>District Judge Brian C. Lea<br>Chief Magistrate Judge Tu M. Pham |
| SALVATORE DIQUINZIO and JARRETT LABATE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNHART CRANE AND RIGGING CO., and BARNHART CRANE AND RIGGING, LLC,<br><br>Defendants. | Case No. 2:26-cv-02699<br><br>Class Action<br><br>JURY DEMAND<br><br>District Judge Brian C. Lea<br>Chief Magistrate Judge Tu M. Pham |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM LEAD CLASS COUNSEL**

THIS MATTER is before the Court upon Plaintiffs Motion to Consolidate and Appoint Grayson Wells, of STRANCH, JENNINGS & GARVEY, PLLC, as interim lead counsel, filed on June 24, 2026. For the reasons stated in Plaintiffs' Motion and for good cause shown, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below.

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Michael Watkins v. Barnhart Crane and Rigging Co., et al.*, No. 2:26-cv-02602 ("the *Watkins* action"); *Jose Briceno v. Barnhart Crane and Rigging Co., et al.*, No. 2:26-cv-02620 (filed June 2, 2026); *Michael Brooks v. Barnhart Crane and Rigging Co., et al.*, No. 2:26-cv-02621 (filed June 2, 2026); *Kentron Simmons v.*

*Barnhart Crane and Rigging Co.*, et al., No. 2:26-cv-02622 (filed June 2, 2026) and *Salvatore Diquinzio and Jarrett Labate v. Barnhart Crane and Rigging Co., et al.*, No. 2:26-cv-02699 (filed June 17, 2026) (collectively, the "Related Actions"), under the lowest numbered *Watkins* action, No. 2:26-cv-02602, and with the new title "*In re Barnhart Crane and Rigging Data Security Incident Litigation*." No further filings shall be made in the Related Actions, which shall be administratively closed, except for in the *Watkins* action. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next forty-five (45) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

2. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

3. Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the clerk shall:

a. Place a copy of this Order in the separate docket for such action;

b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

c. Direct this Order to be served upon Defendants in the new case; and

d. Make the appropriate entry on the Master Docket.

4. The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

5. Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendants shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto.

6. Interim Lead Class Counsel shall have the responsibilities set forth below:

(a) Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the putative Class on all matters arising during pretrial proceedings;

(b) Coordinate the initiation and conduct of discovery on behalf of the putative Class consistent with the requirements of Tennessee law and the local rules of this Court;

(c) Convene meetings amongst counsel;

(d) Conduct settlement negotiations on behalf of the putative Class;

(e) Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

(f) Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

(g) Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

(h) Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

(i) Perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of this Court;

(j) Serve as the primary contact for communications between the Court and other counsel;

(k) Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on counsel via the Court's electronic filing system);

(l) Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

(m) Allocate and apportion any Court awarded attorneys' fees, costs, and expenses; and

(n) Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

7. This Order shall apply to the Consolidated Action, and all subsequently filed or transferred actions arising out of the same set of operative facts that include the Defendants.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of this Court.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: 7/14/2026

*s/Brian C. Lea*
United States District Judge